# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RAYMOND JUNIOR LEWELLYN,  )<br>a/k/a RAYMOND LEWELLYN, JR., )<br>      )<br>      Petitioner, pro se, )<br>      )<br>   v.   )<br>      )<br>THEODIS BECK, Secretary of )<br>the Department of Correction, )<br>      )<br>      Respondent. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:08CV788 |

This matter is before the court on a motion to dismiss by Respondent (docket no. 5) in response to Petitioner Lewellyn's pro se federal habeas petition (docket no. 2). Petitioner filed two separate Responses to the motion (docket nos. 9, 11); however, both were deemed to be deficient and were stricken. Petitioner has failed to properly file a response in opposition to the motion, and the time for response has run. In this posture, the matter is ripe for disposition. For the reasons stated herein, it will be recommended that the court grant Respondent's motion and dismiss the petition as time-barred.

**I. Background**

Petitioner Lewellyn is a state prisoner serving a sentence of 269-332 months imprisonment for statutory rape of a person 13, 14, or 15 years old. On April 27, 2004, Petitioner pled guilty in the Superior Court of Rockingham County, Russell G.

Walker, Judge Presiding. Petitioner was represented by Mr. Jason E. Ross, and Petitioner did not appeal the judgment against him.

Petitioner filed a pro se Motion for Appropriate Relief (MAR) on November 29, 2007. The Honorable Edwin G. Wilson, Jr. summarily denied the MAR on December 17, 2007. Petitioner also filed a pro se Petition for Writ of Certiorari to the North Carolina Court of Appeals on August 7, 2008, which was denied without prejudice on August 29, 2008.

Petitioner filed a pro se federal habeas petition on August 29, 2008. This court summarily dismissed the petition without prejudice, pursuant to a deficiency order of September 3, 2008. *Lewellyn v. N.C. Dep't of Corr.*, 1:08CV619 (M.D.N.C. 2008). Petitioner dated his current habeas application form September 23, 2008, and it was filed in this court on October 24, 2008.

In his federal habeas petition, Petitioner claims that his convictions are infirm because (1) he received ineffective assistance of counsel; (2) there was no DNA evidence of rape; and (3) he agreed to a 144-month sentence on his plea agreement, yet received a sentence of 269-332 months. *See* Petition, pp. 5–9 (docket no. 2). Respondent has only briefly addressed the merits of the claim, presenting the threshold argument that the petition was filed outside of the statute of limitations set out in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 1120 Stat. 1213, Title 28 U.S.C. § 2244(d)(1). This

2

court believes that Respondent is correct and will, therefore, address only the statute of limitations issue.

## II. Discussion

Under the AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed in the federal court within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is tolled while a properly filed state post-conviction proceeding is pending, *see* 28 U.S.C. § 2244(d)(2); and can be tolled to ensure equity in the "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). *See also Spencer v. Sutton*, 239 F.3d

3

626 (4th Cir. 2001). Moreover, subsequent motions or petitions cannot revive a period of limitations that has already run. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

Here, Petitioner's conviction became final upon judgment being entered against him by the Superior Court of Rockingham County on April 27, 2004.[1] *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where section 2255 petitioner pled guilty to conspiring to distribute cocaine and did not appeal, his petition for collateral review was time-barred because his conviction became final on the date on which district court entered judgment of conviction, given that petitioner declined to pursue direct appellate review). Petitioner's one-year period of limitation under section 2244(d)(1), therefore, ran uninterrupted from April 27, 2004, for 365 days until it fully expired on April 27, 2005. Petitioner's federal habeas petition dated September 23, 2008, and filed October 24, 2008, is therefore over three years out of time. Accordingly, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A).

Neither Petitioner's MAR nor his Petition for Writ of Certiorari impacted the running of the statute of limitations. Petitioner's MAR was filed on November 29, 2007, well after the statute of limitations period had already run. Likewise,

---

[1] Even if Petitioner had a right to appeal, which Respondent contends that he did not, Petitioner's conviction would have become final fourteen days after his April 27, 2004, judgment was entered, when the time to serve notice of appeal expired. *See* N.C. R. APP. P. 4(a) (14 days to serve notice of appeal). This extra fourteen days is of no consequence and would not save Petitioner's habeas application.

Petitioner's Petition for Writ of Certiorari was filed on August 7, 2008, over three years after the statute of limitations had expired. The statute of limitations cannot be tolled for Petitioner due to post-conviction proceedings. *See Minter*, 230 F.3d at 665. Finally, the prior habeas petition dated August 29, 2008, which was stricken as deficient, does not remedy the untimeliness of his current habeas application. Even assuming *arguendo* that it had been properly filed, this prior petition was also filed over three years after the statute of limitations had run.

The statute of limitations need not be tolled for equitable reasons either. Petitioner's equitable concerns seem to be that he was unaware of the law, he has medical problems, and his failure to receive help from North Carolina Prisoner Legal Services, Inc. (PLS). None of these concerns demand equitable relief. First, Petitioner argues that he "was unaware of the law." (docket no. 2, p. 13). It is well settled that ignorance of the law is not a basis for equitable tolling, even where the prisoner is unrepresented in the post-trial proceedings. *See, e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Second, Petitioner asserts that he "has a lot of medical problems," and should therefore be entitled to an equitable tolling of the one-year statute of limitations period. (docket no. 2, p. 13). "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Sosa*, 364 F.3d at 513. Petitioner has failed, however, to assert that his mental condition rises to such a level or to show that he was mentally or

5

medically incapable of pursuing his right for the entire three-year period he would seek to have tolled.  *Id.*; *see also*

 *Robinson v. Mitchell*, No. 1:06cv396-1-MU, 2007 WL 674324, at *3 (W.D.N.C. Feb. 28, 2007) ("In addition, this Court finds Petitioner's blanket assertion of mental health issues is wholly insufficient to warrant tolling.").  Moreover, Petitioner's demonstrated capacity to file a pro se MAR and a pro se Petition for Writ of Certiorari directly cut against his argument.

Finally, Petitioner's contention that he "tried to get help from [North Carolina Prisoner Legal] Service[s] but was denied," (docket no. 2, p. 13) does not constitute grounds for equitable tolling.  This court has consistently refused to find that such arguments placing blame on PLS constitute a state created impediment, and are, therefore, an insufficient basis for tolling the statute of limitations.  *Rhew v. Beck*, 349 F. Supp. 2d 975, 978 (M.D.N.C. 2004) (order of District Judge Osteen, adopting recommendation of Magistrate Judge Eliason, rejecting argument that delay by PLS was grounds for equitable tolling); *Johnson v. Beck*, No. 1:08cv336, 2008 WL 3413303, at *4 (M.D.N.C. Aug. 8, 2008) (recommended ruling of Magistrate Judge Dixon); *see also Dean v. Johnson*, No. 2:07cv320, 2007 WL 4232732, at *5 (E.D. Va. Nov. 27, 2007) (stating that delays due to seeking legal advice, and related allegations of inadequate prison law libraries, have consistently been held not to constitute the "extraordinary circumstances" necessary to warrant the application of equitable tolling).  Moreover, Petitioner was obviously capable of filing his claims

himself, as evidenced by his two later filings, and the instant Petition, without the aid of PLS.

## III. Conclusion

Accordingly, for all these reasons, the limitations period for Petitioner to file this federal habeas petition had expired by the time of filing and the limitations period was not equitably tolled. It is therefore **RECOMMENDED** that the petition be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

_____
WALLACE W. DIXON
United States Magistrate Judge

February 3, 2009